**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


JAMES A. PICKENS,

        Petitioner,                      Case Number: 04-CV-73366

v.                                      HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER CONDITIONALLY GRANTING
## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James A. Pickens filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the validity of his guilty plea.  Respondent filed a Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus.  On August 16, 2005, the Court issued an Opinion and Order Denying Respondent's Motion for Summary Judgment, Appointing Counsel for Petitioner, and Setting Deadlines for Supplemental and Responsive Pleadings.  On April 7, 2006, the Court required further supplemental and responsive pleadings.  The Court has reviewed the supplemental and responsive pleadings, and determined that Petitioner's guilty plea was not knowingly entered because the sentencing judge, his attorney, and the prosecutor incorrectly advised Petitioner as to the terms and consequences of his guilty plea.  The Court, therefore, grants a conditional writ of habeas corpus.

**I.**

Petitioner pleaded guilty in Washtenaw County Circuit Court to second-degree murder and prison escape.  The guilty plea was entered pursuant to a plea bargain.  The terms of that

Pickens v. Howes, No. 04-73366

plea bargain are the subject of this petition.  Before addressing the substance of the petition, the Court addresses the timeliness issue.

In her Motion for Summary Judgment, Respondent argued that the petition was not timely filed.  In sum, the timeliness question rested upon two issues: when the predicate of Petitioner's habeas claim could have been discovered through the exercise of due diligence; and whether Petitioner was entitled to equitable tolling of the limitations period.  The Court held that Respondent failed to sustain her burden of establishing that the petition was untimely and therefore denied the motion, while directing the parties to further brief the timeliness issue.  The Court held that supplemental briefs were required as follows:

> Petitioner, through appointed counsel, is directed to file a supplement to his petition, addressing (1) whether the pleadings he filed after the January 6, 2003 order disposing of the first motion for relief from judgment that raised the current claim toll the statute of limitations under § 2244(d)(2); (2) whether Petitioner is entitled to equitable tolling of the statute of limitations; and (3) any other questions pertinent to resolution of this petition.  Respondent is ordered to file an answer, addressing (1) & (2) above, and (3) whether the statute of limitations should begin to run from the date Petitioner discovered he had been sentenced to consecutive sentences, (4) the merits of Petitioner's challenge to his plea and sentence, and (5) any other questions pertinent to resolution of this petition.

As directed by the Court, Petitioner filed a Supplemental Brief.  Respondent filed an Answer in Opposition to Petitioner's Supplemental Brief; however, without explanation, Respondent addressed only one of the five issues she was directed to address – the merits of Petitioner's challenge to his pleas and sentence (#4, above).  Respondent failed to address any of the issues dealing with the timeliness of the petition.

Section 2244(d)'s statute of limitations defense is an affirmative defense which may be waived if not properly raised.  Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002).  Rule 8(c) of

2

Pickens v. Howes, No. 04-73366

the Federal Rules of Civil Procedure requires a party to raise an affirmative defense in the first responsive pleading to avoid waiving it. Id. In this case, while Respondent raised the statute of limitations defense in her first responsive pleading, her Motion for Summary Judgment, the Court denied that motion. Despite the Court's Order directing Respondent to address several issues related to the timeliness of the petition, Respondent abandoned that defense and chose, instead, to respond only to the merits of Petitioner's claims. The Court, therefore, finds that Respondent has abandoned and, therefore, waived the statute of limitations affirmative defense.

**II.**

**A.**

The Court next considers the question of exhaustion of state court remedies. Title 28 U.S.C. § 2254(b) requires a habeas petitioner to exhaust available state court remedies before petitioning a federal court for habeas corpus relief. A state "cannot waive or be estopped from relying upon the exhaustion requirement except if the state, through counsel, 'expressly waives the requirement.'" Clinkscale v. Carter, 375 F.3d 430, 436 (6th Cir. 2004), *quoting* 28 U.S.C. § 2254(b)(1). Unless it has been expressly waived by the state, the Court must *sua sponte* raise the issue of exhaustion. Whiting v. Burt, 395 F.3d 602, 609 (6th Cir. 2005).

The Court ordered Petitioner to file a supplemental brief regarding exhaustion and Respondent to file a reply to Petitioner's supplemental brief. Petitioner complied with the Court's Order, but Respondent, without explanation, has not. Because the Court finds that Petitioner exhausted available state court remedies, the Court need not decide whether Respondent's failure to comply with the Court's Order constitutes a waiver of exhaustion.

3

Pickens v. Howes, No. 04-73366

In his petition, Petitioner challenges the validity of his plea on the ground that the sentencing judge, his attorney, and the prosecutor all informed him that the sentences for his escape and second-degree murder convictions would run concurrently, but the judgment of sentence imposed consecutive sentences. To determine whether Petitioner has exhausted his state court remedies with respect to this claim, the Court reviews the complicated procedural history of Petitioner's case.

Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and prison escape, Mich. Comp. Laws § 750.193, on March 30, 1981, in Washtenaw County Circuit Court, before Judge William Ager. The plea bargain, as stated on the record, was that the original first-degree murder charge, Mich. Comp. Laws § 750.316, and habitual offender charges, Mich. Comp. Laws §769.10 *et seq.,* would be dismissed; that the escape sentence would run concurrently with the murder sentence, though both would be consecutive to the sentence Petitioner was serving at the time of escape; and that Petitioner would be sentenced to no more than 40 to 60 years on the murder charge. He was sentenced on April 24, 1981, to 40 to 60 years for the murder conviction and to 3 years 4 months to 5 years for the escape conviction.

Petitioner was told at least six times during the plea proceeding, by the judge and by his defense attorney, that the escape and murder sentences would run concurrently, and this was repeatedly confirmed on the record by the assistant prosecuting attorney, Brian Mackie. At the sentencing, defense counsel again repeated that these sentences were to be concurrent, and the judge in pronouncing sentence provided that they were concurrent.[1]

---

[1] Plea and Sentence Transcript, pp. 4,12,15, 22, 23.

Pickens v. Howes, No. 04-73366

However, the written judgment of sentence for the escape conviction provides that the escape sentence is consecutive to the murder sentence. Michigan law mandated consecutive sentencing for an escape conviction. Mich. Comp. Laws § 768.7a.[2] Despite the fact that the plea agreement was thereby violated and Petitioner's sentence increased, there is no indication that Petitioner or his attorney were notified of the change and given an opportunity to renegotiate the sentence agreement or withdraw the plea.

Petitioner, through appointed appellate counsel, appealed as of right, raising only a speedy trial issue. The Michigan Court of Appeals affirmed on December 13, 1982. People v. Pickens, No. 58209 (Mich. Ct. App. No. 58209). It is unclear whether that opinion was appealed further.[3]

Although the Washtenaw County Circuit Court docket entries indicate that a motion for correction of sentence was filed and denied in 1984, the Rule 5 materials do not indicate the

---

[2] At the time of Petitioner's sentencing, the statute provided in pertinent part that:

A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

Although there have been subsequent minor amendments, consecutive sentencing is still required.

[3] In Judge Brown's 2003 order dismissing Petitioner's second motion for relief from judgment, discussed below, Judge Brown indicated that the Michigan Supreme Court denied leave to appeal Petitioner's direct appeal on September 15, 1983. This, however, could not be confirmed with the Supreme Court clerk's office.

Pickens v. Howes, No. 04-73366

nature of the claimed error.[4]

Petitioner filed a motion for relief from judgment in the trial court, Mich. Ct. Rule 6.502, on September 11, 1998, also raising claims unrelated to this petition. The motion was denied on December 26, 1998. The Michigan Court of Appeals denied the delayed application for leave to appeal on September 20, 1999. People v. Pickens, No. 217400 (Mich. Ct. App. Sept. 20, 1999). Petitioner did not apply for leave to appeal to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, dated January 18, 2005.

Petitioner filed a second motion for relief from judgment in the trial court on October 8, 2002. For the first time, Petitioner raised the same claim presented in his habeas petition, that his guilty plea was invalid because the murder and escape sentences were imposed as consecutive sentences, despite the promise that they would run concurrently. He further stated that the Michigan Department of Corrections (MDOC or DOC) had just recently informed him that the sentences had been imposed to run consecutively, and had just provided him with a copy of his judgment of sentence, which he had not previously seen. Petitioner claimed he had also just learned that consecutive sentences were statutorily required, Mich. Comp. Laws § 768.7a. The trial court denied the motion on January 6, 2003, holding that a successive motion for relief from judgment cannot be filed absent a retroactive change in the law or the discovery of new evidence since the filing of the original motion, Mich. Ct. Rule 6.502(G), and that Petitioner had claimed neither. People v. Pickens, Nos. 79-14171-FY & 79-14290-FY (Washtenaw County Circuit

---

[4] Presumably, if Petitioner had raised the same claim he does here, that would have been indicated in the pertinent trial court orders denying his motions for relief from judgment.

6

Pickens v. Howes, No. 04-73366

Court Jan. 6, 2003). The order further provided that the motion should not have been filed and should have been returned by the Clerk's Office. Id.

Petitioner filed yet another motion for relief from judgement in the trial court on February 11, 2003, raising the same issue, again arguing that the consecutive nature of his sentences was newly discovered. This was denied on April 1, 2003. People v. Pickens, Nos. 79-14171-FY & 79-14290-FY (Washtenaw County Circuit Court Apr. 1, 2003). Petitioner filed for rehearing on April 14, 2003, and this was denied on June 4, 2003.

On June 23, 2003, Petitioner filed a complaint for writ of habeas corpus in the Michigan Court of Appeals, raising the same issue. On August 15, 2003, the Court of Appeals dismissed the complaint for lack of jurisdiction. Pickens v. Dept. of Corrections No. 249297 (Mic. Ct. App. Aug. 14, 2003). The Michigan Court of Appeals held that a plaintiff "may not use a complaint for habeas corpus to challenge a criminal conviction and sentence." Id. Petitioner did not apply for leave to appeal this order.

On December 8, 2003, Petitioner filed a complaint for superintending control in the Michigan Court of Appeals, asking the court to order the trial court to decide the merits of his motion for relief from judgment. The Court of Appeals dismissed the complaint, by order dated December 19, 2003, for failure to pay the remainder of the filing fees due in his state habeas corpus case. Pickens v. Washtenaw Circuit Judge, No. 252566 (Mich. Ct. App. Dec. 19, 2003). Petitioner filed an application for leave to appeal this order on January 12, 2004. The Michigan Supreme Court denied the application on June 30, 2004. Pickens v. Washtenaw Circuit Judge, 470 Mich. 885 (Mich. June 30, 2004).

Pickens v. Howes, No. 04-73366

Petitioner then filed the pending petition for writ of habeas corpus arguing that the plea bargain was illusory and the sentence invalid because of the imposition of consecutive sentences, in contravention of what he was promised. He again argues that the basis of his claim is newly discovered and that he could not, through the exercise of due diligence, have discovered the factual predicate for his claim any sooner.

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In evaluating whether a petitioner has satisfied the exhaustion requirement, federal courts must consider whether the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law." O'Sullivan, 526 U.S. at 845.

The Court first must determine when Petitioner became aware that his sentences were consecutive. Petitioner states that, until 2002, he was under the impression that his sentences were concurrent. In the petition, and in his answer to the Respondent's motion for summary judgment, he explains that he only learned that the escape and murder sentences were consecutive when, after 23 years of incarceration, he requested and was denied a reduction in security classification. He claims that he made repeated requests for an explanation of the denial, and when he was told that the sentences were consecutive, he tried to correct what he thought was an error by the MDOC and finally filed a grievance. He has attached to his petition, as he did to his motions in the lower court, an MDOC "Grievance Response," dated September 22,

2002, that provides in part, "Since you are serving consecutive terms of incarceration . . . you are not entitled to be discharged from the MDOC until such time as you have satisfied all of the consecutive maximum sentences as added together." Petitioner explains that the DOC attached a copy of his escape judgment of sentence to the Grievance Response, and that this was the first time he had seen this document and the first time that he understood that consecutive sentences had been imposed.

Respondent does not dispute that Petitioner first learned of the consecutive sentences in September 2002. The trial court's denial of his first motion for relief from judgment supports Petitioner's claim that he was unaware that the judgment of sentence imposed consecutive sentences during his direct appeal and when he filed his first motion for relief from judgment. In its decision denying his motion for relief from judgment, the trial court stated that Petitioner had been sentenced to *concurrent* terms of imprisonment. People v. Pickens, Nos. 79-14171-FY & 79-14290-FY (Washtenaw County Circuit Court Dec. 26, 1998). Based upon the uncontradicted statements of Petitioner, the sentencing transcript, and the trial court's order denying Petitioner's first motion for relief from judgment, the Court finds that Petitioner first learned that consecutive sentences had been imposed just prior to filing his second motion for relief from judgment.

Having determined that Petitioner did not actually discover the imposition of consecutive sentences until September 2002, the Court considers whether Petitioner, through the exercise of due diligence, should have discovered prior to that date that consecutive sentences had been imposed. Petitioner repeatedly was advised during the plea and sentencing hearings that concurrent sentences would be imposed. The trial court's order denying his first motion for

9

Pickens v. Howes, No. 04-73366

relief from judgment also stated the sentences were concurrent. Thus, Petitioner had no reason to investigate whether the judgment of sentence reflected the sentence agreed upon and orally imposed at sentencing. The Court knows of no affirmative obligation imposed upon defendants requiring a defendant to ensure that a written judgment of sentence conforms to the sentence pronounced at the sentencing hearing. Respondent asserts no argument as to why Petitioner should earlier have discovered the consecutive sentences. Thus, the Court finds that Petitioner's failure to discover the imposition of consecutive sentences prior to September 2002 was not the result of an absence of due diligence.

The Court now considers what avenues were available to Petitioner to challenge the imposition of consecutive sentences. Upon learning that court had imposed consecutive sentences, Petitioner filed a second motion for relief from judgment in the trial court, claiming that he entered a guilty plea with the understanding that concurrent, not consecutive sentences, would be imposed. The trial court denied the motion because Michigan Court Rule 6.502(G) permits successive motions for relief from judgment only where a Petitioner asserts a retroactive change in the law or a claim of new evidence and, the trial court found, Petitioner did not satisfy either of these two exceptions.[5] People v. Pickens, Nos. 79-14171-FY & 79-14290-FY (Washtenaw County Circuit Court Jan. 6, 2003).

---

[5] The trial court held, without explanation, that Petitioner: "has not asserted a retroactive change in the law, nor has he made a claim of new evidence." Pickens, slip op. at 2. The trial court failed to address whether Petitioner's claim that he only just discovered that his sentences were to run consecutively could constitute a claim of new evidence. Given that the trial court, in denying Petitioner's first motion for relief from judgment, stated that Petitioner's sentences were to run concurrently, the court certainly could not have found that Petitioner knew that his sentences were consecutive at the time he filed the first motion.

Pickens v. Howes, No. 04-73366

Michigan Court Rule 6.502(G) also provides that "[a] defendant may not appeal the denial or rejection of a successive motion." Thus, after the trial court dismissed Petitioner's second motion for relief from judgment, Petitioner had no available state court remedies. *See, e.g.,* People v. Riddle, 624 N.W.2d 194 (Mich. 2001) (dismissing application for leave to appeal "because a defendant may not appeal the denial or rejection of a successive motion for relief from judgment"); People v. Gowing, 465 Mich. 870 (Mich. 2001) (same); People v. Hill, 459 Mich. 914 (Mich. 1998) (same). "[A] habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court." Clinkscale v. Carter, 375 F.3d 430, 439 (6th Cir. 2004). Instead, "a petitioner need only exhaust those remedies that comprise a state's 'standard,' 'established,' 'normal' appellate review process." Id. *quoting* O'Sullivan, 526 U.S. at 844-45. A motion for relief from judgment and appeals from the denial of a motion can reasonably be considered part of Michigan's standard appellate review process.

Once that motion was determined to be successive, Michigan court rules permitted Petitioner no appeals from its dismissal. Thus, no further presentation of his issues in state court was necessary for exhaustion of state court remedies because no further avenue remained for exhaustion within Michigan's standard, established appellate review process.[6]

---

[6] Although Petitioner continued to attempt to present his claims in state court by filing a third motion for relief from judgment, a complaint for a writ of habeas corpus and motion for superintending control, the exhaustion doctrine did not require him to pursue any of these remedies. First, Petitioner was not required to file a third motion for relief from judgment because the exhaustion requirement does not require prisoners to file repetitive petitions in state court. O'Sullivan, 526 U.S. at 844. Second, a petitioner need only exhaust remedies that are part of the "'normal' appellate review process." Clinkscale, 375 F.3d at 439, *quoting* O'Sullivan, 526 U.S. at 844-45. Michigan courts recognize that superintending control is an "extraordinary remedy." People v. Torres, 452 Mich. 43, 55 (Mich. 1996). As such, it is

Pickens v. Howes, No. 04-73366

The Court concludes that Petitioner has exhausted all available state court remedies. Therefore, the interests of comity will not be offended by this Court addressing the merits of the claims presented in the petition.[7]

**B.**

The Court now turns to the merits of Petitioner's claim. Ordinarily, on habeas review, a federal court must exercise deference in reviewing a state court's decision upholding a conviction. The Court must determine whether the state court decision "was contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). In this case, however, there is no result or reasoning to which this Court can defer because the state court declined to address this claim. Where deference to the state court is "inapplicable or inappropriate," a federal court "'exercise[s] . . . independent judgment' and review[s] the claim *de novo*." McKenzie v. Smith, 326 F.3d 721, 727 (6th Cir. 2003). *See*

---

not part of Michigan's normal appellate review process. Finally, it is well-established under Michigan law that a writ of habeas corpus "permit[s] a criminal defendant to attack a criminal conviction only when the court that convicted and sentenced the defendant was without jurisdiction to try him for the crime in question." People v. Carpentier, 446 Mich. 19, 45 (Mich. 1994) (Riley, J. concurring). In accordance with this well-established rule, the Michigan Court of Appeals held that Petitioner could not challenge his conviction and sentence by filing a complaint for habeas corpus relief. Thus, the filing of a complaint for habeas corpus relief was not an "available" state remedy.

[7] The Court need not address whether the trial court's decision that Petitioner's second motion for relief from judgment was barred under Michigan Court Rule 6.502(G) constituted a procedural default. "[P]rocedural default is normally a 'defense' that the State is 'obligated to raise' and 'preserv[e]' if it is not to 'lose the right to assert the defense thereafter.'" Trest v. Cain, 522 U.S. 87, 89 (1997), *quoting* Gray v. Netherland, 518 U.S. 152, 166 (1980). A court may raise procedural default *sua sponte*, but is not required to do so. Respondent has not asserted the defense of procedural default. Therefore, the Court finds that Respondent has waived that defense.

12

*also* Burton v. Renico, 391 F.3d 764, 770 (6th Cir. 2005), *cert. denied* 126 S. Ct. 353 (2005) (holding that when a state court has not adjudicated a claim on the merits, the claim is reviewed *de novo*).

Respondent does not dispute that, at the sentencing hearing, the trial court judge sentenced Petitioner to concurrent terms of imprisonment. Respondent contends that the written judgment of sentence, however, necessarily imposed consecutive sentences because consecutive sentences were required under Michigan law. Respondent also does not dispute that Petitioner was unaware of the change in his sentence until 2002. Respondent nevertheless argues that the plea bargain was voluntary and not illusory because, although Petitioner did not receive the benefit of concurrent sentences, he received other concessions in exchange for his guilty plea, dismissal of a first-degree murder charge and dismissal of a habitual offender charge.

When a petitioner is convicted as a result of a guilty plea, habeas review is limited to whether the plea was made voluntarily, intelligently, or knowingly. See United States v. Broce, 488 U.S. 563 (1989); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

> "[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats . . . misrepresentations (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755 (1970) (internal quotation omitted). A plea may be challenged under the Due Process Clause where a defendant was not fully apprised of the consequences of the plea. Id.

Where a plea "rests in any significant degree on a promise or agreement of the prosecutor,

Pickens v. Howes, No. 04-73366

so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Brady, 397 U.S. at 749. To be valid, a guilty plea must be "voluntary and knowing and if it was induced by promises, the essence of those promises must be in some way made known." Santobello, 404 U.S. at 261-62.

In this case, Petitioner was not fully apprised of the consequences or terms of his plea. Uncontradicted evidence establishes that Petitioner was informed by the sentencing judge, his attorney, and the prosecutor that his sentences would run concurrently. He was, instead, sentenced to consecutive sentences. Respondent's argument that Petitioner nevertheless received consideration for his plea is irrelevant to this analysis because Petitioner was misinformed as to the consequences of his plea and did not receive the promised consideration. Because Petitioner was misinformed as to the consequences of his guilty plea and the plea was based upon an unfulfilled promise, the Court concludes that the plea was not knowingly entered and, therefore, violates the Due Process Clause.

## C.

The remaining question is what relief the Court may afford Petitioner. A federal court has "broad discretion in conditioning a judgment granting habeas corpus relief," and may dispose of habeas corpus cases "'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987), *quoting* 28 U.S.C. § 2243.

Petitioner argues that he should be permitted to withdraw his guilty plea. Respondent,

14

Pickens v. Howes, No. 04-73366

citing three Michigan cases, maintains that the "only remedy" is to remand the matter to the trial court for resentencing. The three Michigan cases cited by Respondent are irrelevant to the question before the Court because they rely on state law and are not factually or legally analogous to the case at bar.

The Court, in this matter, finds that an appropriate remedy in this case is to issue a conditional writ. Petitioner must be permitted to withdraw his guilty plea within ninety days from the date of this Order. If Petitioner is not permitted to so, he may petition this Court for issuance of an unconditional writ.[8] After allowing Petitioner to withdraw his plea, the State may choose to try Petitioner or engage in further plea negotiations.

---

[8] At the time Petitioner entered his plea, imposition of concurrent sentences on an escape conviction ran contrary to Michigan law. Michigan law continues to mandate consecutive sentencing for an escape conviction. The Court finds that it would be inappropriate to condition issuance of the writ on the state court's resentencing Petitioner to concurrent terms of imprisonment because the Court will not require a state court to violate the laws of its state. *See* Santobello, 404 U.S. at 262-63 (holding that where the terms of a plea agreement are breached, court may require specific performance or allow withdrawal of the plea).

Pickens v. Howes, No. 04-73366

### III.

Petitioner's plea was not knowingly entered because he was misinformed as to the terms of his plea agreement and his plea was based upon an unfulfilled promise. The Court, therefore, shall grant a conditional writ of habeas corpus. Within ninety days from the date of this opinion, the state trial court shall permit Petitioner to withdraw his plea. If the trial court does not permit Petitioner to withdraw his plea, Petitioner may petition this Court for issuance of an unconditional writ.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary