# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES A. PICKENS,

        Petitioner,                   Case Number: 04-CV-73366

v.                                             HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER CONSTRUING RESPONDENT'S
## FED. R. CIV. P. 60(b) MOTION TO DISMISS PETITION AS MOTION
## SEEKING DISMISSAL OF PETITION AND SEEKING ALTERNATIVE
## RELIEF OF MODIFICATION OF CONDITIONAL WRIT

Petitioner James A. Pickens filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his plea of guilty to second-degree murder and prison escape in Washtenaw County Circuit Court. On November 30, 2006, the Court issued an Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus (Conditional Writ). Now before the Court is Respondent's Motion to Dismiss Petition.

The Court granted the Conditional Writ on the ground that Petitioner's guilty plea was not knowingly entered because the sentencing judge, Petitioner's attorney, and the prosecutor incorrectly advised Petitioner that the sentences for the two convictions would run concurrently, but the sentences actually imposed were consecutive.[1] The Court required that Petitioner be permitted to withdraw his guilty plea within ninety days from the date of the Conditional Writ.

---

[1] At the time Petitioner entered his plea, imposition of concurrent sentences on an escape conviction ran contrary to Michigan law. Michigan law continues to mandate consecutive sentencing for an escape conviction.

Subsequently, Respondent filed a Motion to Modify Order and to Hold Case in Abeyance, suggesting an alternative remedy. Respondent proposed that the State be permitted to vacate Petitioner's escape conviction, arguing that this would essentially place Petitioner in the same position he would have been in had the original terms of the plea agreement been imposed. The Court denied the Motion to Modify without prejudice to Respondent's right to seek amendment of the Conditional Writ if the Washtenaw County Circuit Court vacated the escape conviction and credited the time served for the escape conviction to Petitioner's sentence for second-degree murder. The Court subsequently granted a request for a stay pending disposition of Respondent's appeal.

In the pending Motion to Dismiss, Respondent represents that the Washtenaw County Circuit Court has vacated Petitioner's escape conviction, the Michigan Department of Corrections has recalculated Petitioner's sentence to reflect that the escape conviction has been vacated, and the Michigan Department of Corrections Offender Tracking Information System has been changed to reflect that that conviction has been vacated. Respondent argues that she has now complied with the Conditional Writ and the petition, therefore, should be dismissed. Petitioner has not filed a response to Respondent's motion.

The terms of the Conditional Writ required that Petitioner be allowed to withdraw his guilty plea. In denying Respondent's first Motion to Modify, the Court specifically left open the possibility that Respondent could seek to modify the Conditional Writ if the escape conviction were vacated and Petitioner was credited for time served for the escape conviction. Therefore, the Court construes the Motion to Dismiss as also requesting the alternative relief of modification of the Conditional Writ and a declaration that the conditions of the writ have been

satisfied.

A federal court has "broad discretion in conditioning a judgment granting habeas corpus relief," and may dispose of habeas corpus cases "'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987), *quoting* 28 U.S.C. § 2243.  In fashioning the original Conditional Writ, the Court could not require the State to give Petitioner the benefit of the plea bargain because requiring the sentences to run concurrently would violate Michigan law.  *See* 84 A.L.R. 4th 384 § 2 (1991 & Supp. 2007) ("Where the defendant has entered a guilty plea pursuant to a plea bargain contemplating a particular sentence, the general rule is that the defendant is entitled to withdraw the plea if it is subsequently determined that the sentence is illegal or unauthorized."); *see also* U.S. v. Greatwalker, 285 F.3d 727, 730 (8th Cir. 2002) (holding that when a defendant has entered a plea bargain agreeing to an illegal sentence, the defendant is generally entitled to withdraw the guilty plea).  The Court, therefore, required the State to allow Petitioner to withdraw his pleas within ninety days.

Respondent now argues that Petitioner effectively has been given the benefit of his plea bargain, without violating Michigan law, because the escape conviction and sentence have been vacated.  She argues that this corrects the inadequacies of Petitioner's plea and places him in the same position he would have been in had the plea agreement been enforceable.  The Court finds that vacating the escape conviction amounts to fulfillment of the plea agreement and that this is appropriate relief in this case.  Thus, the Court modifies the Conditional Writ to require Respondent to vacate the escape conviction and credit Petitioner for any time served on that conviction.  The Court finds that the terms of the amended Conditional Writ have been satisfied.

The Court notes that, while the conditions of the writ have been satisfied, dismissal of the

petition is not appropriate. *See* Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) ("[W]hen a state meets the terms of the habeas court's [conditional writ], thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter.").

Accordingly, **IT IS ORDERED** that Respondent's Fed. R. Civ. P. 60(b) Motion to Dismiss Petition is **GRANTED IN PART AND DENIED IN PART**. Petitioner's request to dismiss the petition is **DENIED** and her request to modify the Conditional Writ is **GRANTED**. The Conditional Writ is modified to require Respondent to vacate Petitioner's escape conviction and credit him for any time served on that conviction. The Court finds that Respondent has satisfied the conditions of the modified Conditional Writ.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary