## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES A. PICKENS,

                Petitioner,                Case Number: 04-CV-73366

v.                                     HONORABLE ARTHUR J. TARNOW

CAROL HOWES,

                Respondent.

_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
### AND GRANTING PETITIONER A CERTIFICATE OF APPEALABILITY

This Court issued an Opinion and Order Conditionally Granting Petition for Writ of

Habeas Corpus on November 30, 2006.  The Conditional Writ was issued based upon the Court's

finding that Petitioner's plea of guilty to second-degree murder and prison escape was not

knowingly entered because the sentencing judge, Petitioner's attorney, and the prosecutor

incorrectly advised Petitioner that the sentences for the two convictions would run concurrently,

but, as was required by Michigan law, the sentences imposed were consecutive.  The Court

required that Petitioner be permitted to withdraw his guilty plea within ninety days from the date

of the Conditional Writ.

Several months later, and following the filing of several other motions, Respondent filed

a Motion to Dismiss Petition on the ground that the terms of the Conditional Writ had been

satisfied because the Washtenaw County Circuit Court vacated Petitioner's escape conviction

and the Michigan Department of Corrections corrected its records to reflect that the conviction

had been vacated.  The Court construed the Motion as also seeking modification of the

Conditional Writ and a declaration that the conditions of the writ were satisfied.  The Court

denied the request to dismiss the petition, modified the terms of the Conditional Writ, and

granted Respondent's request for a finding that the terms of the modified Conditional Writ were satisfied.

Petitioner seeks reconsideration of the Court's order on the ground that the Court lacked jurisdiction to issue the order. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

District courts that issue conditional writs retain jurisdiction to determine whether the conditions of the writ have been satisfied. Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006). "[W]hile conditional grants of the writ of habeas corpus 'would be meaningless if a habeas court could not order a noncompliant state to release a prisoner,' . . . the conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." McKitrick v. Jeffreys, 2007 WL 4012561, *2 (6th Cir. Nov. 15, 2007), *quoting* Satterlee v. Wolfenbarger, 453 F.3d 362, 369 n.5. In determining whether a conditional writ has been satisfied, the district court may consider whether the state's actions ran afoul of the "letter or spirt of the conditional writ." Patterson v. Haskins, 470 F.3d 645, 668 (6th Cir. 2006).

In issuing its Order, the Court exercised its jurisdiction to determine whether the conditions of the writ had been satisfied. While the Court may have phrased its order in terms of a modification of the writ, the substance of the Court's finding was that the spirit of the conditional writ were satisfied. Therefore, the Court finds that it did not incorrectly exercise

jurisdiction over the motion and denies Petitioner's Motion for Reconsideration.

Petitioner also has filed a Notice of Appeal regarding the Court's Order granting in part Respondent's Motion. Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C § 2253(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.

The Court finds that reasonable jurists could debate whether the Court was correct in its decision to modify the conditional writ and that the conditions of the writ were satisfied. Therefore, the Court grants a Certificate of Appealablity.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Reconsideration is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealablity is **GRANTED** for Petitioner's appeal of the Court's Order modifying the conditional writ.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 1, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 1, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary